STATE of Wisconsin, Plaintiff-Respondent,

v.

Bruce A. KASSUBE, Defendant-Appellant.

Court of Appeals

*No. 02–2334–CR. Submitted on briefs January 28, 2003.—
Decided February 19, 2003.*

2003 WI App 64

(Also reported in 659 N.W.2d 499.)

On behalf of the defendant-appellant, the cause was submitted on the brief of *Len Kachinsky* of *Kachinsky, Petit & Parker, LLC*, Neenah.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *James E. Doyle*, attorney general, and *Jennifer E. Nashold*, assistant attorney general.

Before Cane, C.J., Hoover, P.J., and Peterson, J.

¶ 1. PETERSON, J. Bruce Kassube appeals a judgment convicting him of possession of cocaine and

877

possession of THC. He argues that the trial court erred by denying his suppression motion because evidence was obtained after an illegal stop. We disagree and affirm the judgment.

## BACKGROUND

¶ 2. On November 24, 2000, officer Lowell James of the Black Creek Police Department stopped Kassube because he believed Kassube did not have a driver's license. Kassube was in possession of a metal pipe with marijuana residue on it, as well as marijuana and cocaine. As a result, Kassube was charged with possession of THC and possession of cocaine.

¶ 3. Kassube filed a motion to suppress the evidence obtained during the traffic stop. He argued the stop was unlawful because it was not based on reasonable suspicion that he had committed a crime. At the hearing, James testified that he had known Kassube for nine to twelve years and had never known Kassube to have a driver's license. He had last spoken to Kassube sometime during 2000 and Kassube did not have a license at that time. The court denied Kassube's motion. Kassube later entered no contest pleas and was found guilty. He now appeals.

## STANDARD OF REVIEW

¶ 4. In reviewing a circuit court's order denying a motion to suppress evidence, the court's findings of evidentiary or historical fact will be upheld unless they are clearly erroneous. *State v. Matejka*, 2001 WI 5, ¶ 16, 241 Wis. 2d 52, 621 N.W.2d 891. However, whether the

court's findings of fact pass statutory or constitutional muster is a question of law that this court reviews independently. *Id.*

## DISCUSSION

■

¶ 5. The Fourth Amendment to the United States Constitution protects "[t]he right of the people . . . against unreasonable searches and seizures." While an investigative stop is technically a "seizure" under the Fourth Amendment, a police officer may, under the appropriate circumstances, detain a person for purposes of investigating possible criminal behavior even though there is no probable cause for arrest. *See Terry v. Ohio*, 392 U.S. 1, 22 (1968). Wisconsin has adopted the *Terry* rule, *see State v. Chambers*, 55 Wis. 2d 289, 294, 198 N.W.2d 377 (1972), and WIS. STAT. § 968.24. Kassube argues that a lawful temporary stop under § 968.24 requires that the officer reasonably suspect that a person is committing, is about to commit or has committed a crime, and claims that no such suspicion existed here.

¶ 6. Kassube notes that no Wisconsin cases have addressed whether an officer's personal knowledge of the status of a person's driver's license at some previous time is sufficient to justify a stop. He relies on a Mississipi case, *Boyd v. State*, 758 So.2d 1032, 1033 (Miss. 2000), where an officer had knowledge that the driver had his license suspended eight years before. The court determined that this information was too stale to justify a stop. *Id.* at 1035. In making its determination, the court looked at similar cases in other states that held that information only a few weeks old was too stale to justify a stop. *Id.* Kassube urges us to follow the

Mississippi court's decision and determine that James's information was anywhere up to eleven months old and therefore stale.

■

¶ 7. We conclude, however, that the totality of the circumstances supports a reasonable basis for James's suspicion. James had known Kassube between nine and twelve years and had never known Kassube to have a driver's license at any time during that period. Further, within eleven months of the stop, Kassube informed James that he still did not have a license.

¶ 8. This is different from *Boyd* and the cases it cites because those cases all dealt with temporary suspensions of drivers' licenses. In such a situation, a driver may have regained his or her license at any time without the officer's knowledge. Here, Kassube did not simply have his privileges temporarily suspended, but had never had a license at all during the nine to twelve years James knew him. It was reasonable for James to believe that if Kassube had not obtained a license in nine to twelve years, he did not do so in the last eleven months and was likely to be driving without a license.

*By the Court.*—Judgment affirmed.