# IN THE SUPREME COURT OF THE STATE OF NEVADA

TAMMY DENISE CLUFF,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 69878

FILED

FEB 24 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a guilty plea, of driving under the influence with one or more prior felony DUI convictions. Fourth Judicial District Court, Elko County; Alvin R. Kacin, Judge.

On November 10, 2014, Officer Tyler Thomas pulled over appellant Tammy Cluff for driving without a valid license. Officer Thomas did not observe any traffic violations, and he did not check the status of Cluff's license immediately prior to the stop. Rather, Officer Thomas believed Cluff did not have a valid license because he had run Cluff's license approximately 10 to 15 times over the last three-and-a-half years and, on several occasions, dispatch had advised him that Cluff's license was invalid. Officer Thomas last learned Cluff had an invalid license approximately one to two months prior to the November 10th stop.

After pulling Cluff over, Officer Thomas noticed signs of intoxication. Cluff performed poorly on two field sobriety tests and failed a subsequent breath test. Thereafter, Cluff was charged with driving under the influence with one or more prior felony DUI convictions. *See* NRS 484C.110; NRS 484C.410. Cluff moved to suppress the breath test

17-06536

results, arguing (1) Officer Thomas did not have reasonable suspicion to stop her; and (2) Officer Thomas erroneously allowed her to remove, rinse, and reinsert her dental work before administering the breath test. The district court denied Cluff's motion, and Cluff entered a conditional plea of guilty, reserving the right to appeal the issues raised in her motion to suppress. *See* NRS 174.035(3). Cluff now appeals the judgment of conviction.

We review the district court's findings of historical fact for clear error, and the district court's determination as to whether those facts establish reasonable suspicion de novo. *Somee v. State*, 124 Nev. 434, 441, 187 P.3d 152, 157-58 (2008); *see also Ornelas v. United States*, 517 U.S. 690, 699 (1996). "A law enforcement officer has a reasonable suspicion justifying an investigative stop if there are specific, articulable facts supporting an inference of criminal activity." *State v. Rincon*, 122 Nev. 1170, 1173, 147 P.3d 233, 235 (2006). "In determining the reasonableness of a stop, the evidence is viewed under the totality of the circumstances and in the context of the law enforcement officer's training and experience." *Id.* at 1173-74, 147 P.3d at 235.

We hold Officer Thomas had reasonable suspicion to stop Cluff. Dispatch informed Officer Thomas that Cluff's license was invalid periodically over three-and-a-half years. In addition, dispatch never once informed Officer Thomas that Cluff's license was valid. This demonstrates that Cluff either (1) failed to have her license reinstated for three-and-a-half years; or (2) had her license suspended or revoked on multiple occasions, which may indicate a cavalier attitude towards the law. *See State v. Spillner*, 173 P.3d 498, 511 (Haw. 2007) (stating the defendant's failure to obtain automobile insurance "one week after being advised that

he was required by law to do so, indicated a cavalier attitude on [the defendant's] part toward the law and was sufficient to justify a brief field detention . . . to ascertain whether continued criminal activity were afoot").

Furthermore, Officer Thomas learned Cluff's license was invalid approximately one to two months prior to the stop, and dispatch informed him that Cluff's license was invalid one or two times in the preceding three months. Several courts have held that an officer may have reasonable suspicion to conduct a traffic stop based on one-to-two-month-old information. *See, e.g., United States v. Pierre*, 484 F.3d 75, 83-84 (1st Cir. 2007) (five months old); *Deboy v. Commonwealth*, 214 S.W.3d 926, 927-29 (Ky. Ct. App. 2007) ("a few months" old); *State v. Duesterhoeft*, 311 N.W.2d 866, 866-67 (Minn. 1981) (one month old); *State v. Kassube*, 659 N.W.2d 499, 500 (Wis. Ct. App. 2003) ("within eleven months" old).

Although Cluff could have had her license reinstated before the November 10th stop, "[a] determination that reasonable suspicion exists . . . need not rule out the possibility of innocent conduct." *United States v. Arvizu*, 534 U.S. 266, 277 (2002). In addition, although Officer Thomas did not check the status of Cluff's license immediately prior to the stop, such action was not constitutionally required where reasonable suspicion otherwise exists. *See United States v. Sokolow*, 490 U.S. 1, 11 (1989) (holding that "[t]he reasonableness of the officer's decision to stop a suspect does not turn on the availability of less intrusive investigatory techniques"); *see also State v. Yeargan*, 958 S.W.2d 626, 633 (Tenn. 1997) (holding a police officer "had no constitutional obligation to verify the status of the defendant's license before making the stop"). Therefore, we

hold that Officer Thomas had reasonable suspicion to stop Cluff.[1] Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, C.J.
Cherry

_____, J.
Douglas

_____, J.
Gibbons

cc:    Hon. Alvin R. Kacin, District Judge
       Elko County Public Defender
       Attorney General/Carson City
       Elko County District Attorney
       Elko County Clerk

_____

[1]We also reject Cluff's contention that suppression is warranted because Officer Thomas purportedly failed to comply with the breath analyzer's procedural checklist. The district court made extensive factual findings indicating that the breath test results were valid and reliable. Therefore, the district court did not abuse its discretion in denying Cluff's motion to suppress. *See Zabeti v. State*, 120 Nev. 530, 535, 96 P.3d 773, 776 (2004) ("We review a district court's decision to suppress evidence under an abuse of discretion standard.").